IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **MAURICE PRESTON SCOTT,** | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 7:21cv00134 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **MELVIN DAVIS,** | ) | By:  **Hon. Thomas T. Cullen** |
| | ) | **United States District Judge** |
| Respondent. | ) | |

Maurice Preston Scott, a Virginia inmate proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Scott challenges his 2005 convictions in the Lynchburg Circuit Court for using a firearm during the commission of a felony, attempted statutory burglary, attempted robbery, and unlawfully wearing a mask in public. Scott previously filed a § 2254 petition concerning the same convictions on January 13, 2021, and that action is currently pending in this court. *See Scott v. Davis*, No. 7:21cv00020 (W.D. Va. Jan. 13, 2021).

Under 28 U.S.C. § 2244(b), a federal district court may consider a second or successive § 2254 petition only upon specific certification from a United States Court of Appeals that claims in the subsequent petition meet certain criteria. 28 U.S.C. § 2244(b). In his first habeas petition, Civil action No. 7:21cv00020, Scott alleges that his conviction is illegal and invalid because he was legally incompetent at the time he pled guilty; his diagnosis of sane at the time of the offense was false because he had suicidal ideation; he was intentionally rendered incompetent by the psychiatric evaluator; and his counsel provided ineffective assistance by not raising the issue of sanity and producing evidence, providing bad advice, and not reviewing

the terms of the plea agreement with Scott. In the instant petition, Scott alleges that counsel provided ineffective assistance because he "intentionally fail[ed]" to defend Scott on the attempted bank robbery charge "that petitioner did not complete due to the bank[']s door [being] locked," and by "coerc[ing]" Scott to plead guilty when "there was no victim" and he "did not unlawfully enter the bank"; and the prosecutor unlawfully "stacked charges [that] he fabricated."

Scott does not establish that the instant petition is not successive or that he has obtained certification from the Fourth Circuit to file a successive petition. However, because his first habeas petition is currently pending in this court, the court will construe his instant petition as a motion to amend in his first habeas action, Civil Action No. 7:21cv00020, and will administratively close this action.

**ENTERED** this 25th day of March, 2021.

/s/ Thomas T. Cullen
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE